IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAKE FINOGLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 25-598 |
| CHIEF NICHOLS, OFFICER ADAMSON, BRIANNA C. VANATA, ESQ., | ) Judge Nora Barry Fischer ) ) |
| Defendants. | ) ) |

# MEMORANDUM OPINION

## I.     INTRODUCTION

Presently before the Court is pro se Plaintiff Jake Finogle's "Application to Proceed in District Court Without Prepaying Fees or Costs," and his attached Complaint, filed on May 1, 2025. (Docket No. 1). After careful consideration of Plaintiff's Complaint and screening his allegations pursuant to 28 U.S.C. § 1915(e)(2), and for the following reasons, Plaintiff's Motion [1] is granted as to his in forma pauperis status as he has sufficiently demonstrated that he does not have the ability to pay the filing fees or costs but his Complaint is dismissed pursuant to §§ 1915(e)(2)(ii)-(iii) for failure to state a claim and because he seeks monetary relief against defendants who are immune from such relief.

## II.     BACKGROUND

Plaintiff utilizes the Prisoner Form Complaint for Violation of Civil Rights to set forth his purported claims. (Docket No. 1-1). He indicates that he is a pretrial detainee, lists three individuals as defendants and provides their addresses, including Vanata, District Attorney of Greene County; Chief Nichols, Waynesburg Police; and Officer Adamson, Waynesburg Police.

1

(Docket No. 1-1 at 2). Plaintiff also checks the boxes that he is bringing suit against them under § 1983 as they are state or local officials and that he is seeking liability in their individual and official capacities. (*Id*. at 2, 4). In the "Statement of Jurisdiction" section, Plaintiff responds to the question "[i]f you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," as follows:

> Violation of Due Process, malicious prosecution, false evidence, tampering with evidence-drug test-coroners (sic) report, failure to investigate, false imprisonment, slander, defamation

(Docket No. 1-1 at 3). In Section II.D., he answers the question "explain how each defendant under color of state or local law," as follows:

> June 26, 2024 was arrested and put all over the news and news paper for false allegations. No evidence, false statements by bias witnesses, cops telling me what to say, saying we know your (sic) lying. I was high on meth.

(Docket No. 1-1 at 4).

The "Statement of Claim" section of the form indicates that the events giving rise to the claim took place at "Waynesburg Police Office" on June 26, 2024. Plaintiff further notes the following facts supporting his claim:

> I dont (sic) remember because I was high on meth, Got arrested Drug test at jail says I was very high. Nurse said I should of (sic) melted the drug cup.

(Docket No. 1-1 at 5). The next section titled "Injuries," is blank. (*Id*.). With respect to the section titled "Relief," Plaintiff states that he is seeking:

> 15 million in compensation for there (sic) illegal acts and being kept away from my family. All charges dropped and a (sic) investigation done on [G]reene [C]ounty Pennsylvania.

(Docket No. 1-1 at 5). That is the sum and substance of Plaintiff's Complaint. Based on a

2

review of the AOPC docket sheets, Defendant was arrested on July 2, 2024, did not make bail, the charges were held over for court and he is facing an October 2, 2025 trial in Greene County on numerous charges including, murder in the first degree, conspiracy-criminal homicide, drug delivery resulting in death, recklessly endangering another person and related offenses. *See Comm. v. Jake Finogle*, CP-30-CR-0000278-2024 (C.P. Greene 2024).

### III. LEGAL STANDARDS

Section 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Gochin v. Markowitz*, 791 F. App'x 342, 345 (3d Cir. 2019) (district court has power to screen complaints of all parties proceeding in forma pauperis). In addition, "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F. App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *Herrera v. Agents of Pennsylvania Bd. of Prob. & Parole*, 132 F.4th 248,

3

254, n.5 (3d Cir. 2025) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), and a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face," *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

IV. DISCUSSION

Having liberally construed the allegations set forth in Plaintiff's Complaint, it is this Court's opinion that it is subject to dismissal for several reasons. *See* 28 U.S.C. § 1915(e)(2). Initially, Plaintiff's claims seeking injunctive and declaratory relief that the charges against him be dismissed and that an investigation into Greene County be conducted must be dismissed under the abstention doctrine of *Younger v. Harris*, 571 U.S. 69, 72 (1971). "*Younger* abstention is appropriate where there are ongoing state proceedings that: (1) are judicial in nature; (2) implicate important state interests; and (3) afford an adequate opportunity for presentation of the constitutional claims." *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019). All of those

requirements are met in this case as Plaintiff's criminal case is set for trial in October, the state has an important interest in prosecuting the serious offenses with which he is charged and he has had the opportunity to raise his constitutional claims in that forum because the state court docket reflects that he has brought motions seeking to suppress evidence, challenging his detention and requesting release on bail.[1]  *See Comm. v. Jake Finogle*, CP-30-CR-0000278-2024 (C.P. Greene 2024).  Further, "whenever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies." *Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021).  Accordingly, Plaintiff's claims for injunctive relief must be dismissed.

As to Plaintiff's claims seeking $15 million in damages, the Court recognizes that such relief is not available in the state proceedings and that claims for monetary damages should be stayed pending the disposition of criminal charges if there is "'no question that the [complaint] allege[s] injuries under federal law sufficient to justify the district court's retention of jurisdiction.'"  *Miles*, 788 F. App'x at 167 (quoting *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988)).  However, after carefully reviewing the conclusory allegations in Plaintiff's Complaint, the Court finds that he has failed to state a claim against any of the Defendants and any such claims may also be barred by immunity such that dismissal is appropriate.  See 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

While § 1983 "is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials," *Toyota Motor Credit Corp. v. Borough of Wyoming, PA*, Civ. A. No. 3:23-CV-00377, 2023 WL 7412941, at *2 (M.D. Pa. Nov. 9, 2023),

---

[1]     The Court takes judicial notice of the public docket in the criminal matter.  *See Moore v. Pennsylvania*, App. A. No. 22-1945, 2022 WL 7375509 at * 2 (3d Cir. 2022) (citing *Orabi v. Att'y Gen.*, 738 F.3d 535, 537, n.1 (3d Cir. 2014)).

5

"[i]n order to state a claim under § 1983, a plaintiff must establish an underlying constitutional violation," *Miles*, 788 F. App'x at 167. "It is also well established that a defendant cannot be liable under § 1983 absent personal involvement in the alleged constitutional violations" and that a "bare bones pleading is insufficient to state a plausible claim" against a defendant. *Calloway v. Borough of Pitcairn*, Civ. A. No. 22-197, 2022 WL 1997209, at *4 (W.D. Pa. Jun. 6, 2022) (citing *Williams v. City of York*, 967 F.3d 252, 261 (3d Cir. 2020)). Here, Plaintiff has merely listed several causes of action but has not provided any facts showing the personal involvement of the named Defendants (or anyone else) in the alleged wrongs. (Docket No. 1-1). Indeed, Plaintiff expressly states that he does not remember the events because he was "high on meth" and has not pled any nonconclusory facts from which the Court can ascertain how the Defendants are potentially liable under the theories he is attempting to assert against them. (Docket No. 1-1). Beyond such defects, § 1983 claims for malicious prosecution, false arrest and fabrication of evidence generally require a claimant to establish that the state criminal proceedings terminated in his favor and therefore such claims are prematurely filed if the state criminal case is ongoing, as is the case here. *See Kim v. Ali*, App. No. 24-1448, 2024 WL 5135645, at *2 (3d Cir. 2024) (citing *McDonough v. Smith*, 588 U.S. 109, 116-20 (2019)). Hence, Plaintiff has not set forth a plausible claim for relief under § 1983 against the named Defendants and any federal claims in the Complaint are subject to dismissal on that basis. *See Miles*, 788 F. App'x at 167.

Additionally, the § 1983 claims against D.A. Vanata are subject to dismissal because claims based on acts taken in her prosecutorial capacity are generally barred by prosecutorial immunity. *See e.g., Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (Prosecutors are entitled to absolute immunity from liability under section 1983 for acts that are "intimately associated with

6

the judicial phase of the criminal process" such as "initiating a prosecution and ... presenting the State's case."); *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (noting that prosecutors also enjoy absolute immunity from suit for wrongful prosecution; withholding evidence; and perjury of witnesses). Similarly, the law enforcement officers, Chief Nichols and Officer Adamson, would be entitled to qualified immunity shielding them from civil liability "so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" and qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *City of Tahlequah v. Bond*, 142 S. Ct. 9, 11-12 (2021). The Court's evaluation of these immunities from suit is typically fact intensive and absent any allegations detailing the personal involvement of D.A. Vanata, Chief Nichols or Officer Adamson and their alleged wrongs, it appears that the claims would be barred by immunity, providing additional reasons to dismiss any federal claims from this action. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Moving on, Plaintiff summarily alleges that Defendants engaged in state torts including slander and defamation. (Docket No. 1-1). However, since the federal claims will be dismissed and there is no independent basis for the Court to exercise subject matter jurisdiction over state law claims between parties who are all Pennsylvania citizens, the Court will decline to exercise supplemental jurisdiction over any state law claims and dismiss them, without prejudice. *See* 28 U.S.C. § 1367(c)(3).

Finally, the Third Circuit has held that in civil rights cases "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002). "Leave to amend may be denied for

7

futility if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 841 (3d Cir. 2014) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). For essentially the same reasons set forth above, Plaintiff's § 1983 claims seeking injunctive relief including dismissal of the criminal charges pending against him in Greene County must be dismissed, with prejudice. As to Plaintiff's § 1983 claims for money damages which are subject to dismissal due to his failure to plead sufficient facts to state a plausible claim for relief, it appears that an amendment at this time would be futile because even if Plaintiff cured the defects and pled additional facts in an amended complaint, his lawsuit would be stayed while the state criminal proceedings are ongoing. *See Miles*, 788 F. App'x at 167 (quoting *Deakins*, 484 U.S. at 204). Therefore, the § 1983 claims which have not yet accrued will be dismissed, without prejudice, to Plaintiff initiating another action in the event of a favorable termination of his criminal case. *See McDonough*, 588 U.S. at 116-20. Plaintiff's state law claims over which the Court has declined to exercise subject matter jurisdiction will also be dismissed, without prejudice. *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).

V.    CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's motion seeking in forma pauperis status but will dismiss Plaintiff's Complaint for failure to state a claim and as barred by immunity pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii). An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Date:   May 20, 2025
cc/ecf: Jake Finogle - 9921621
        GREENE COUNTY JAIL
        855 Rolling Meadows Road
        Waynesburg, PA 15370 (first class mail)